**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

<span style="color:red">Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000891
26-JAN-2021
08:02 AM
Dkt. 60 SO</span>

NO. CAAP-16-0000891

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ML, Plaintiff-Appellant,
v.
HL, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D. NO. 11-1-0899)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant ML (**Husband**) appeals from the **"Decision and Order After Remand"** entered by the Family Court of the First Circuit[1] on December 1, 2016. For the reasons explained below, we affirm the Decision and Order After Remand in part; vacate the Decision and Order After Remand in part; and remand this case to the family court for clarification of the reimbursement or payment obligations of the parties, and for entry of an amended property division chart.

### BACKGROUND

Husband filed for a divorce from Defendant-Appellee HL (**Wife**) on May 27, 2011. After a trial, a **"Decision and Order"** was entered on January 7, 2014. Attached to the Decision and Order was a property division chart dated January 3, 2014 (**2014 Property Division Chart**). An **"Amended Decision and Order"** was entered on January 10, 2014. The 2014 Property Division Chart

---

[1]     The Honorable Catherine H. Remigio presided.

was attached to the Amended Decision and Order.  A divorce decree was entered on March 4, 2014.  The decree required that Husband pay to Wife an equalization payment of $128,987.87.

Husband appealed.  The family court entered findings of fact and conclusions of law on August 12, 2014 (**2014 Findings & Conclusions**).  The 2014 Property Division Chart was attached to the 2014 Findings & Conclusions.  We temporarily remanded the case to allow the family court to amend the divorce decree.  On September 15, 2015, the family court entered an order amending the divorce decree, and amended the findings of fact and con-clusions of law relating to Husband's child support obligation.

The case then returned to us and we issued a summary disposition order, <u>MHL v. HJKL</u>, No. CAAP-14-0000697, 2016 WL 806200 (App. Mar. 1, 2016) (SDO) (**First SDO**).  We noted:

> [Husband] contends that the family court abused its discretion by declining to award [him] a Category 3 credit for a portion of his Schwab One account.  [Husband] contends that he deposited a $136,254 gift or inheritance received from [his mother]'s revocable trust after [his mother]'s death in 2008 into the investment account.

<u>Id.</u> at *5.  We also noted:

> This is generally in line with [Husband's father]'s testimony that he believed [Husband] had received around $90,000 from [Husband's mother]'s trust, which was deposited in [Husband]'s account.

<u>Id.</u>  The family court did not award Husband any Category 3 credit for his inheritance from his mother's trust.  We concluded that

> the family court erred in denying [Husband] <u>any</u> Category 3 credit.  <u>While the family court was entitled to exercise its discretion in the valuation of the Category 3 claim, it should not have awarded [Husband] no credit</u>.  On remand, we direct the family court to use the available evidence to determine a reasonable value for [Husband]'s Category 3 claim.

<u>Id.</u> at *6 (first underscore in original, second underscore added).  We otherwise affirmed the divorce decree and the order amending it.

On remand the family court issued an order stating, in relevant part:

> Counsel shall submit memorandum [sic] supporting each party's position regarding a reasonable value for [Husband]'s Category 3 claim. Exhibits shall be limited to evidence available at trial.

Husband submitted a trial exhibit showing the balance of his mother's investment account to have been around $250,000 when she died. Husband and his sister were the account beneficiaries; accordingly, he claimed half of the balance, or $125,000. Alternatively, he argued, because we had recognized there had been a $200,000 withdrawal from his mother's account after the date of her death, "at a minimum [he] should receive a credit of $100,000[,] which is also consistent to [sic] [his father]'s testimony that [he] had received around $90,000" after his mother's death. Husband did not submit evidence showing any actual deposit into his Schwab One account.

Wife also submitted a memorandum and exhibits. She pointed out there were no trial exhibits showing when Husband's inheritance was deposited into his Schwab One account, or what the value was at that time. The only evidence was Husband's father's testimony that about $90,000 was deposited into Husband's Schwab One account after Husband's mother died. Wife then argued there should be a $90,000 deviation based upon the Hawaii Revised Statutes (**HRS**) § 580-47(a) equitable considerations.

The Decision and Order After Remand was entered on December 1, 2016. The family court found that the amount of Husband's inheritance was $90,000; recognized equitable considerations justifying a departure from the marital partnership model; and ordered a deviation of $70,000 in favor of Wife.

Husband filed this appeal. The family court entered findings of fact and conclusions of law on January 31, 2017 (**2017 Findings & Conclusions**). The family court ordered that Wife reimburse Husband $20,000 of the "$129,987.87 [sic]" equalization amount at the rate of no less than $5,000 per calendar year or, if Husband had not yet paid the equalization amount, the amount

was adjusted to "$109,987.87 [sic]." The family court did not amend the 2014 Property Division Chart or attach an amended property division chart to the 2017 Findings & Conclusions.

## DISCUSSION

Husband's statement of the points of error does not comply with Rule 28(b)(4) of the Hawaiʻi Rules of Appellate Procedure. Husband appears to argue that: **(1)** the family court disregarded our mandate by applying equitable considerations to reduce the amount of Husband's Category 3 credit or, even if equitable considerations were properly recognized, none of them justified deviation from the marital partnership model of property division; **(2)** the family court erred by granting Wife four years to repay Husband's excess equalization payment; and **(3)** Wife's request for attorneys' fees should have been denied because it was contrary to the family court's previous ruling that each party pay their own fees.

## 1. The family court did not err by recognizing equitable considerations.

Husband contends that the family court "exceeded the scope of [the] narrow remand — to determine a reasonable value for [Husband]'s Category 3 claim — when it deviated from partnership principles based on equitable considerations never addressed in the original divorce proceedings or listed in the 2014 Findings." "Equitable considerations" justifying a deviation from marital partnership principles are also referred to as "valid and relevant considerations" and "valid and relevant circumstances," or "VARCs," by Hawaiʻi courts. Gordon v. Gordon, 135 Hawaiʻi 340, 349 n.15, 350 P.3d 1008, 1017 n.15 (2015).

The First SDO recognized that "the family court was entitled to exercise its discretion in the valuation of the Category 3 claim," but "it should not have awarded [Husband] no credit." First SDO, at *6. Our mandate to the family court was "to use the available evidence to determine a reasonable value for [Husband]'s Category 3 claim" for the inheritance from his mother. Id. Category 3 net market values "are to be repaid to

4

the contributing spouse <u>absent equitable considerations</u> justifying a deviation." <u>Gordon</u>, 135 Hawaiʻi at 349, 350 P.3d at 1017 (underscoring added) (footnote and citations omitted). To divide Category 3 property the family court must: **(1)** find the facts necessary for assignment of the relevant net market value (**NMV**); **(2)** identify any equitable considerations justifying deviation from total repayment to the contributing spouse; **(3)** decide whether or not there will be a deviation; and **(4)** decide the extent of any deviation. <u>See</u> <u>id.</u> at 350, 350 P.3d at 1018. To comply with our mandate the family court was required, after determining the NMV of Husband's inheritance from his mother, to identify any equitable considerations justifying a deviation from the marital partnership principle of crediting Husband with all of his inheritance, decide whether or not there will be a deviation and, if so, decide the amount of any deviation.

Husband contends that Wife waived all equitable considerations because she did not raise them before the family court, or with us during Husband's first appeal. We disagree. The family court considered Husband's interest in his father's irrevocable trust "as a valid and relevant consideration in deviating from the Partnership Model[,]" <u>First SDO</u>, at *5 n.7, and noted the VARC in Part E of the 2014 Property Division Chart. There was no reason for the family court to consider any equitable considerations related to Husband's inheritance from his mother before the last remand because the family court did not award Husband "<u>any</u> Category 3 credit" for the inheritance. <u>First SDO</u>, at *5-6.

Husband also contends that Wife is barred from raising equitable considerations by the doctrine of res judicata. Res judicata, or claim preclusion, is a legal doctrine that limits a party to one opportunity to litigate a claim to prevent inconsistent results among multiple suits, and to promote finality and judicial economy. <u>Bremer v. Weeks</u>, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004). Claim preclusion "prohibits a party from relitigating a previously adjudicated cause of action." <u>Id.</u> (citation omitted). The party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the

merits, (2) the parties to the action in question are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.  Id. at 54, 85 P.3d at 161. Claim preclusion does not apply here because there was no final judgment on the merits in a previous suit between Husband and Wife.

### 2. The family court did not abuse its discretion by ordering payment over time.

Husband contends the family court erred by granting Wife four years to repay Husband's excess equalization payment.

> [T]he family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion.  Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).  On the record before us, and subject to section 4. of this summary disposition order, we cannot say that the family court erred by ordering Wife to repay Husband's excess equalization payment over time.

### 3. The family court did not award attorneys' fees to Wife.

Husband argues that the family court should have denied Wife's request for attorneys' fees because it was contrary to the family court's previous ruling that each party pay their own fees.  The Decision and Order After Remand made no mention of attorneys' fees.  The 2017 Findings & Conclusions — entered after Husband filed his notice of appeal — states:

> 30.  Upon the conclusion of this appeal, Wife intends to request an award of attorney's [sic] fees as "just and equitable" under the criteria of HRS § 580-47, namely: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, and all other circumstances of the case.

The family court did not award attorneys' fees to Wife. There is no basis for Husband's appeal on that point.

**4.      The family court erred when it
            calculated Husband's equalization
            credit and/or Wife's reimbursement amount.**

The family court must file, as part of its findings and conclusions, a property division chart. <u>Gordon</u>, 135 Hawaiʻi at 351, 350 P.3d at 1019. The Decision and Order After Remand amended the division of marital partnership property, but the family court did not amend the 2014 Property Division Chart or attach an amended property division chart to its 2017 Findings & Conclusions.

It also appears that the family court erred when it calculated the amount of Husband's Category 3 VARC credit, the amount of Wife's reimbursement obligation, or both. The Decision and Order After Remand stated, among other things:

> 2.      The amount of [Husband]'s Category 3 inheritance credit is <u>$90,000.00.</u>[sic]
>
> . . . .
>
> 7.      [T]he Court finds that there will be a deviation in the amount of <u>$70,000.00</u> in favor of [Wife].
>
> 8.      In the event that [Husband] has already paid [Wife] the previously-ordered equalization amount of <u>$129,987.87,</u> [sic] [Wife] shall reimburse [Husband] <u>$20,000.00</u> at the rate of no less than <u>$5,000.00</u> total per calendar year (January 1 through December 31), beginning January 1, 2017.

(Underscoring in original.) The 2017 Findings & Conclusions stated, among other things:

> 44.      Based on the totality of the relevant and credible evidence that was provided at trial, the Court finds that there will be a deviation in the amount of $70,000 in favor of Wife.
>
> 45.      In the event that Husband has already paid Wife the previously-ordered equalization amount of $129,987.87, then Wife shall reimburse Husband $20,000.00 at the rate of no less than $5,000.00 total per calendar year (January 1 through December 31), beginning January 1, 2017. . . .
>
> 45(a). In the event that Husband has not paid Wife the previously-ordered equalization amount of $129,987.87, said amount is herein adjusted to $109,987.87.

The 2014 Property Division Chart shows the equalization payment amount (Part B, line 4) as $128,987.87, not $129,987.87. Accordingly, we vacate those portions of the Decision and Order After Remand and the 2017 Findings & Conclusions that reflect an incorrect equalization payment amount; and remand this case to the family court for clarification of the payment or reimbursement obligations of the parties, and for entry of an amended property division chart.

DATED:  Honolulu, Hawaiʻi, January 26, 2021.

On the briefs:

Peter Van Name Esser,
for Plaintiff-Appellant.

Thomas E. Crowley, III,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge